**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER L. EVANS,

        Plaintiff,

Case Number: 06-14826

v.

GROSSE POINTE PUBLIC SCHOOL SYSTEM,

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

        Defendant.

_____ /

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CASE WITH PREJUDICE (DOCK. NO. 4)

Now before the Court is Defendant Grosse Pointe Public School System's ("Defendant") Motion for Summary Judgment. The motion has been fully briefed and the Court has determined that no hearing is required pursuant to Local Rule 7.1(e)(2). Having considered the entire record, and for the reasons that follow, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

Plaintiff Christopher Evans ("Plaintiff") filed a one-count Complaint against Defendant on October 25, 2006. Plaintiff's Complaint alleged that he was discriminated against in violation of the Americans with Disabilities Act ("ADA"). Defendant filed the instant Motion for Summary Judgement on December 19, 2006. Subsequent to the filing of Defendant's motion, Plaintiff filed a response and Defendant filed a reply.

Plaintiff was hired by Defendant on May 18, 2005, and was fired on July 14, 2005. (Def.'s Br. 1; Compl. ¶ 15). Defendant's motion asserts that Plaintiff did not file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") at any time and thus never received a right-to-sue letter. Defendant submits that filing a charge of

1

discrimination with the EEOC and receiving a right-to-sue letter are prerequisites to a Title VII and ADA action.  Therefore, Defendant contends that Plaintiff failed to exhaust his administrative remedies and can no longer file a charge since it is outside three hundred days from the date of discrimination.  Defendant asks the Court to dismiss the Complaint with prejudice for failure to state a claim upon which relief can be granted.

Plaintiff responds that after reviewing Defendant's brief and the applicable law, he agrees to the dismissal of the case.  However, Plaintiff requests that the Court dismiss the case without prejudice because he has sought to resolve the matter without further court proceedings.

The Court finds that Plaintiff does not contest Defendant's assertions and agrees to the dismissal of this case.  The Court does not find that there is any reason for the case to be dismissed without prejudice.  According to the undisputed record, Plaintiff never filed a charge of discrimination within the required period and now that time period has expired.  *See Sherman v. Optical Imaging Systems Inc.*, 843 F. Supp. 1168, 1179 (E.D. Mich. 1994); 42 U.S.C. § 2000e-5(e).  Plaintiff is now unable to exhaust those remedies and cannot obtain a right-to-sue letter necessary to bring suit in federal court on an ADA claim.  42 U.S.C. § 2000e-5(f)(1).

Accordingly, for the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss with prejudice.  However, the Court declines to award Defendant attorney's fees.

**SO ORDERED.**

                                              s/Paul D. Borman  
                                              PAUL D. BORMAN  
                                              UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 23, 2007.

                                                s/Denise Goodine
                                                Case Manager